IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Freda Richardson, | ) | C/A No. 3:15-1472-MGL-PJG |
|                        Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Landmark Properties, Inc., Anita Arnold, Vanessa Pacifico, | ) | |
|                       Defendants. | ) | |

The plaintiff, Freda Richardson, filed this case asserting violations of state law in the Richland County Court of Common Pleas. This matter is before the court following the defendants' removal of this action purportedly pursuant to 28 U.S.C. §§ 1331 and 1367(a). The defendants point out that Richardson has a pending federal action against Defendant Landmark Properties, Inc. (C/A No. 3:15-560-MGL-PJG). The defendants assert that because Richardson's claims in the removed state law complaint and claims in the pending federal action "derive from a common nucleus of operative fact—as the claims in both cases involve and/or arise out of Plaintiff's former employment relationship with Landmark and the circumstances under which that relationship ended" (ECF No. 1 at 3, ¶ 11), the court has supplemental jurisdiction over the state law claims in the state court complaint.

However, contrary to the defendants' arguments that jurisdiction is proper in the instant case,

> a defendant may not base a Section 1441(a) removal on the supplemental jurisdiction statute, 28 U.S.C.A. § 1367. That is, supplemental jurisdiction under Section 1367 is not a source of subject-matter jurisdiction for federal question purposes. Defendants sometimes will assert that a pending federal action that shares a common nucleus of operative fact with the state lawsuit that defendants seek to remove can furnish an anchor claim under Section 1367(a), and thus enable removal of a separate

suit under Sections 1441(a) and (b). This is a misreading of Section 1367, which authorizes supplemental jurisdiction over claims that are within the same civil action as a federal question claim (or over claims that are within the same civil action as a claim satisfying 28 U.S.C.A. § 1332, the statute conferring diversity jurisdiction), and those claims alone. As the district court explained in In re Estate of Tabas:

> [s]ection 1367 allows plaintiffs to bring federal claims in[to] federal court even though combined with state-law claims that would not otherwise be within the federal court's jurisdiction. The statute is not, however, an independent source of removal jurisdiction. To remove [a case] from state court to federal court, [defendants] . . . must first find a federal claim in the [case to be removed]. An already-existing federal action cannot provide the mechanism for removal of a non-removable state-court actions.

14B Charles Alan Wright et al., Federal Practice and Procedure § 3722 (4th ed. 2009) (alterations in original).

Therefore, in light of the foregoing, it is hereby

**ORDERED** that the parties shall have seven days from the date of this Order to file any brief further addressing the propriety of the removal of the complaint in the instant action, if they so desire. If no party elects to file a response to this Order, this matter will be recommended for remand for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 6, 2015
Columbia, South Carolina